Gaston, Judge,
 

 after stating the facts, proceeded:
 

 There is nothing in the relation of principal and surety between two persons directly liable to the creditor, which imposes on him the duty of active diligence against the principal debtor. Mere forbearance or delay in collecting from the principal debtor, furnishes no ground on which the surety can ask for exoneration. . But if the credjtór do any act for the ease of the principal, without the privity of the surety, by which act the surety is injured or exposed to injury, that act may be laid hold of for the surety’s relief. One has not the right to be charitable at his neighbor’s cost. The creditor stepping forward to. relieve the principal should remember the situation of the surety, and not extend this relief to his injury without his assent — unless he choose to release the surety. Accordingly it is well settled that if the creditor from benevolence or favor to the principal debtor, relinquish a security which he has for the debt, or gives up funds in his hands applicable to its payment, the surety will be exonerated to the extent of that security or of those funds. Thus in
 
 Mayhew
 
 v.
 
 Crickett, 2 Swan
 
 191, it was holden to be clear that if a creditor takes the goods of the principal debtor in execution, and afterwards withdraws that execution, he discharges the surety
 
 pro tanto.
 
 So in
 
 Law
 
 v.
 
 East India Company,
 
 4 Ves. 829, it was considered as incontes-tible that where a creditor has a fund of a principal debtor
 
 *92
 
 sufficient for the payment of the debt, and gives it back to the debtor, the surety can never afterwards be called upon* creditor by virtue of the seizure in execution, or of the deposit, becomes a trustee of the security so acquired, or of tjle func[ for tPg benefit of all concerned, and is responsible to any party injured by unfaithfulness in execution of that trust. For it is a rule, that if he be not only creditor but trustee,
 
 then
 
 even his neglect, if it occasion the loss of that to the benefit of which the surety is entitled, will
 
 pro tanto
 
 discharge the surety.
 
 Capel
 
 v.
 
 Butler, 2
 
 Sim. & Stew. 457, (1 Cond. Eng. Chan. Rep. 543.)
 

 The rights to protecy tion are re-affcourts'if ter surety can as at law between th^holder of a bill, if releaseXe thereby discharges the latter.
 

 The application of the principle to this case seems obvious. After Wilcox had levied his execution on Alston’s goods,
 
 these
 
 became a
 
 specific
 
 and full security for the payment of the debt — and this security, out of benevolence to Alston, he has relinquished, or at all events has by his act rendered ineffectual. In justice he must be regarded as having thus
 
 interfered
 
 with the collection of the debt at his peril, and not at the risk of those who neither consented to the course pursued, nor were consulted respecting it. The prin-c'P^e *s sP°ken °f as one' of equity — but it prevails in all courts where the relation of principal and surety can be recog-aised. It is in truth but a consequence of the moral injunction exercise one’s rights as not to injure others. Accordingly, where from the nature of the instrument it appears that one man is surety for the debt of
 
 another,
 
 if the obligee defeats ^ie condition of the bond, the surety is discharged. So where there is acceptor and drawer, and the holder releases the former, the latter cannot be held responsible. But the f°rm °f security frequently puts it out of the power of an^ a *''ourt °f Equity to apply the principle. Here there could not be relief
 
 at law,
 
 because by the form of the juc[gment rendered on the appeal bond, Alston and the plaintiffs were alike principal debtors. But in equity.it was competent for the plaintiffs to' show that they were sureties for Alston.
 

 There must be a reference to inquire and report what moneys have been paid by the plaintiffs, and when, and to whom paid, an account of their liability, as the sureties of the defendant Alston, specifying how much was because of
 
 *93
 
 the debt and how much for costs. — Until the coming in of that report the Court reserves the question whether the plaintiffs shall recover back any, and if any, what part of the costs incurred by them at law upon the scire facias. The * t Court holds them clearly entitled to restitution of all they have paid for the debt and interest thereon, and to recover their costs in this suit.
 

 Per Curiam. Decree accordingly.